Porto Rican & American Insurance Co., peticionaria, *v.* La Corte de Distrito de Bayamón, Hon. Luis Samalea, Juez, demandada.

No. 978.—*Sometido:* Julio 2, 1934. *Resuelto:* Julio 28, 1934.

*J. Henri Brown, C. Ruiz Nazario y G. E. González y S. Benítez Gautier,* abogados de la peticionaria; *Félix Ochoteco, Jr., y Ricardo La Costa, Jr.,* abogados del interventor Sr. Ochoa, licitador en la subasta de que se trata.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

En una venta en pública subasta celebrada en procedimiento ejecutivo sumario en la Corte de Distrito de Bayamón, se adjudicó a Manuel Ochoa, por ser el mejor postor, una finca que se describe en el registro y en la hipoteca como compuesta de 55.54 cuerdas. A un postor anterior que había ofrecido $2,000 se le dijo que tenía que presentar el dinero en efectivo y salió a buscarlo. La subasta había sido anunciada para las dos de la tarde. Los letrados de la acreedora hipotecaria llegaron con el *affidavit* de publicación unos mi-

nutos después de las dos—a las 2.05 según la conclusión del juez de distrito, y a las 2.12 de acuerdo con la declaración del márshal. Otra prueba tendió a demostrar que la finca fué ofrecida a la venta a las dos de la tarde, según el reloj municipal de Bayamón. Evidentemente si la conclusión del juez de distrito y los relojes de los testigos en cuyo testimonio se basó tal conclusión estaban bien, entonces el márshal y el reloj municipal estaban equivocados, y la propiedad debió de haberse puesto a la venta antes de las dos de la tarde. Sea ello como fuere, los letrados de la acreedora llegaron inmediatamente después de la subasta, mientras se contaba el dinero y antes de haberse determinado la cuestión de costas y otros detalles. Si el márshal hubiese pospuesto la subasta por cinco minutos, en vez de proceder sin el *affidavit* de publicación, o si hubiese esperado el regreso del primer postor, conforme lo había prometido, la acreedora no hubiera sido privada de la oportunidad de ofrecer, de ser necesario, $9,000 a fin de impedir que la finca fuese vendida por menos de dicha suma. A causa de dificultades imprevistas, a los letrados de la acreedora no les fué posible obtener el *affidavit* de publicación hasta unos veinte minutos antes de las dos de la tarde del día en que se efectuó la venta. La negligencia excusable de no haber anticipado la posibilidad de tales dificultades quedó explicada debidamente. No obstante esta demora inesperada en salir de San Juan, los letrados hubiesen llegado a tiempo para la subasta de no haberse encontrado en la carretera de Bayamón con una manada de ganado.

Después de realizar un esfuerzo infructuoso con el propósito de persuadir al márshal para que abriera nuevamente la subasta, los letrados de la acreedora radicaron una moción para que se anulara la venta. Luego los letrados de Ochoa solicitaron se eliminaran los siguientes párrafos de una moción enmendada:

"13.—La demandante alega además que Manuel Ochoa, quien compareció como licitador en la subasta señalada, compareció en dicha subasta como un mero representante y en el sitio y lugar de la per-

sola realmente interesada en dicha subasta que lo es el Sr. Joaquín Agusty.

"14.—Que dicho Joaquín Agusty antes de celebrarse la subasta en este caso estaba negociando con esta demandante para la compra ya bien del crédito hipotecario objeto de esta ejecución o de la finca hipotecada una vez que la parte demandante adquiriese título a la misma y que había ofrecido pagar como precio en dicha compra hasta la suma de $9,000.00, parte de contado y el resto mediante la cesión y venta de créditos hipotecarios y fincas urbanas.

"15.—Que antes de celebrarse la subasta en este caso, el demandado Laureano Cantero ofreció a la parte demandante ceder y traspasar la propiedad hipotecada a la parte demandante como dación en pago de la deuda reclamada en este caso, pero por haber informado a la parte demandante que aunque la finca hipotecada se describe en el documento de hipoteca y en el Registro de la Propiedad con una cabida de 55.54 cuerdas, lo cierto era que dicha finca sólo tenía una cabida de 28 cuerdas, hecho que fué informado por la demandante al Sr. Agusty pocos días antes de celebrarse la subasta, y entonces la demandante convino con dicho Sr. Agusty en que comparecería a la subasta que se verificaría en este caso, y que en caso de que la demandante adquiriese la finca hipotecada por adjudicación, entonces la demandante haría las gestiones necesarias para aclarar o limpiar el título de la propiedad hipotecada para que quedase determinada la superficie real de dicha propiedad y que luego que se realizaran dichas gestiones se entendería en primer término con dicho Sr. Agusty para la venta de dicha propiedad.

"16.—La demandante alega por información y creencia que la festinación y prisa con que se llevó a efecto esta subasta se debió a la insistencia del Sr. Agusty y su representantante Sr. Ochoa que tenían conocimiento que la demandante comparecería a la misma, y que dicho Sr. Agusty y dicho Sr. Ochoa sabían que la propiedad hipotecada valía una suma mayor de $9,000, y con el único fin y objeto de perjudicar a la demandante y de beneficiarse insistieron en la celebración de dicha subasta y después de tener conocimiento de las actuaciones de la parte demandante en este caso solicitando la anulación de la misma, trataron por todos los medios de obtener título inscribible a la propiedad hipotecada antes de que esta parte demandante tuviese una oportunidad de ser oída por esta corte, para así hacer inefectivo cualquier remedio que esta parte demandante obtuviese de dicha corte, y que aunque todas dichas gestiones y todos dichos actos fueron las gestiones y actos del Sr. Joaquín Agusty, dicho

Joaquín Agusty nunca compareció ante esta corte sino que llevó a efecto dichos actos e hizo todas dichas gestiones por medio de su empleado y representante Manuel Ochoa y que dicho empleado y representante, Manuel Ochoa, según la información y crencia de la parte demandante, es una persona que carece de toda clase de bienes.''

El juez de distrito declaró sin lugar la moción en parte, y la sostuvo en parte. El testimonio aducido durante la vista de la moción para anular la venta demostró, sin embargo, que (fuera de cualquier cuestión de irregularidad en efectuar la venta sin el *affidavit* de publicación) el verdadero adquirente, Joaquín Agusty, obtuvo una ventaja indebida sobre la acreedora y que el resultado, de permitirse que subsista, sería una gran injusticia para esta última.

El juez de distrito resolvió que el precio pagado por Ochoa no era inadecuado. Sin embargo, esta conclusión se basó en la determinación de que la parcela de terreno contenía solamente 28.07 cuerdas en vez de 55.54 cuerdas. No hallamos base satisfactoria para esta conclusión. Hubo prueba tendiente a demostrar que el deudor hipotecario, bien antes o después de la ejecución de la hipoteca, había segregado y vendido parte de las 55.54 cuerdas. Probablemente al tiempo de la subasta éste no estaba en posesión de más de 28.07 cuerdas. Nada había que demostrara que la acreedora tuviera conocimiento de estas ventas. La finca figuraba en el registro de la propiedad como una parcela de 55.54 cuerdas. Fué hipotecada como compuesta de 55.54 cuerdas. Se describió en el procedimiento ejecutivo y se anunció para la venta como compuesta de 55.54 cuerdas. Evidentemente debió haberse vendido como compuesta de 55.54 cuerdas. Difícilmente pudo haberse vendido con otra cabida por el márshal, aunque por lo que de los autos se desprende no se ha expedido certificado de venta ni se ha otorgado la escritura de enajenación. En la teoría de que el área de la finca fuera solamente 28.07 cuerdas, el juez de distrito calculó que valía $7,610. Sobre tal base su conclusión fué bastante correcta; pero la prueba en su totalidad, a nuestro juicio, no admite otra conclusión lógica

que no sea que la finca valía más del doble de la suma en que fué tasada por el juez de distrito. De todos modos, la acreedora estaba dispuesta a ofrecer hasta $9,000 al tiempo en que se celebró la subasta, y ahora está dispuesta a pagar hasta $10,000, en adición a las contribuciones en descubierto, que ascienden a más de $1,000. La acreedora también informó al juez de distrito que estaba dispuesta a obedecer cualquier condición justa y razonable que se le impusiera. Tomando todo en consideración, estamos convencidos de que el precio fué inadecuado y en vista de este hecho, suplementado, como lo está, por las circunstancias arriba reseñadas, el juez de distrito debió haber anulado la subasta. Véase el caso de *García* v. *Humacao Fruit Co.*, 25 D.P.R. 682.

*Debe anularse la resolución, dejarse sin efecto la subasta y devolverse el caso para ulteriores procedimientos, incluyendo otra subasta.*

El Juez Asociado Sr. Aldrey está conforme con el resultado.